DENNIS MARTIN *et ux.*

*vs.*

FRANK M. BATES, City Treasurer.

Jury Trial Waived, No. 153.

HUSBAND AND WIFE ; SUITS BY, RELATING TO WIFE'S PROPERTY.

RESCRIPT.

*Filed May 22, 1896.*

The declaration is defective in not completing the charge which the plaintiffs apparently intended to make against the city of Pawtucket as the wrong complained of. It charges merely that the city of Pawtucket, by its agents and servants, "without lawful authority so alter and from time to time continue to alter and suffered to be altered and kept and continued to be altered," without stating what it was that was altered. We can guess that it was the intention of the plaintiffs to charge that the city of Pawtucket altered the grade of some street or streets, whereby water was collected and discharged on the plaintiffs' land in greater quantities than would have been discharged on it but for such change of grade. But the declaration contains no such

charge, nor in fact any charge whatever.  The demurrer for this cause must therefore be sustained.

The writ was served December 9, 1895, before Gen. Laws R. I. cap. 194, § 16, took effect.  At that time Pub. Stat. R. I. cap. 166, § 116, as amended by Pub. Laws R. I. cap. 120, § 2, was in force, which provided that in all actions relating to the property of any married woman the husband and wife should jointly sue and be sued, except a trustee of the same should have been appointed, as provided in § 18 of said cap. 166.  The suit therefore was properly brought by the plaintiffs as husband and wife jointly.  *Merriam* v. *White*, 18 R. I. 727.

The rescript in *Corey* v. *Howard*, Equity 4011, referred to by the defendant, was filed February 8, 1896, after Gen. Laws R. I. cap. 194, § 16, had become operative.  The bill in that suit had been filed August 24, 1895.  The respondent's demurrer, because of the non-joinder of the husband of Mrs. Read, one of the complainants, was filed October 22, 1895.  We did not sustain the demurrer because, by reason of the change in the law by the enactment of Gen. Laws R. I. cap. 194, § 16, the non-joinder of the husband not only did not render the bill defective, but on the contrary was in accordance with the statute; and if we had sustained the demurrer and a new bill had been filed, it would have been demurrable if the husband had been joined.

*Hugh J. Carroll*, for plaintiffs.

*J. L. Jenks*, for defendant.